# Miller *v.* Graham, Appellant.

*Will—Devise—Boundaries—Division of town lot.*

Testator owned a town lot about fifty-eight feet wide. On the southern part of the lot he had erected a brick wareroom eighteen feet wide. On the northern part of the lot covering the remainder of the width, except four feet, he had erected a frame building. The intervening four feet was used as a hallway for both buildings during testator's lifetime. By his will he devised to his son W. "the wareroom and lot of ground covered by the same situate on High street, fronting twenty feet on said street." He described the northern boundary of this devise as "north by lots, hereinafter devised to my son H." He devised to his son H. the lot on High street situated between the lot devised to his son W., and that owned by another person "being from thirty-five to forty-five feet front on High street." *Held,* that W. took a lot twenty feet wide, and not merely the ground eighteen feet wide covered by the wareroom.

Argued May 12, 1909. Appeal, No. 170, April T., 1909, by defendant, from judgment of C. P. Butler Co., June T., 1908, No. 79, on case tried by the court without a jury in suit of William F. Miller v. E. T. Graham. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

From the record it appeared that the defendant claimed title through Henry A. Miller.   After he had acquired title he erected a small wooden building on the rear of his lot in such a manner that it occupied a strip of two feet claimed by the plaintiff as having been devised to him by his father.

The facts of the case are fully stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*John H. Wilson,* with him *John C. Graham,* for appellant.   .

*John R. Henninger,* for appellee.

OPINION BY ORLADY, J., July 14, 1909:

This action of trespass is to be determined by the interpretation of a clause in the will of William H. Miller, under which both parties hereto claim title.   After the case was at issue, it was agreed to dispense with a trial by a jury, and to submit its decision to the court of common pleas of Butler county, under the Act of April 22, 1874, P. L. 108.

The clause in the will which is the ground of this controversy is as follows: "1. I devise to my son William F. Miller, the wareroom and lot of ground covered by the same, situate on High or Main Street, fronting twenty feet on said street, bounded south by lot or house of Mrs. Hazlett, east by High or Main Street, north by lots hereinafter devised to my son Henry A. Miller, and west by an alley, and I charge on this devise to my son William F. Miller, the sum of five hundred dollars to be paid by him to my daughter Mary L. Miller, within five years after the death of my wife.

" 2.  I devise to my son Henry A. Miller all that certain lot or ground situate in the borough of Butler, bounded on the east by High or Main Street and situated between the lot devised to my son William F. Miller and lot of George W. Reed, being from thirty-five to forty-five feet front on High or Main Street, and bounded on the north by lot of George W. Reed and on the west by an alley."

The appellant contends that the decedent used the words

"wareroom and lot of ground covered by the same" for the purpose of establishing the north line of the devise to William F. Miller, and that the words, "fronting twenty feet on Main Street" must give way to the marks or monuments on the ground, to wit: the wareroom and ground covered by the same.

When William H. Miller prepared his will he called before him his children, and explained by a sketch, the disposition he intended to make of his estate. His will was probated in 1878. He left to survive him his widow, two sons and a daughter. On December 13, 1900, Henry A. Miller sold the part of the lot devised to him to a party whose vendee is the present defendant. In the making of this conveyance the widow joined, and she subsequently died November 23, 1902. The two properties in dispute represent a single borough lot, fronting fifty-seven feet nine and one-fourth inches on Main street, bounded by said street on the east, and extending back of equal width 180 feet to Jackson alley. It is bounded by lot of George W. Reed on the north and on the south by lot of Mrs. Hazlett. There were two buildings erected on the lot at the time the will was made, and they have remained in the same condition continuously until the time of this trespass. On the lot devised to William F. Miller, the testator had erected a brick building, fronting eighteen feet one inch on Main street, and on the lot devised to Henry A. Miller, he had erected a frame building, occupying the space between the lot devised to William F. Miller on the south, and the property of Reed on the north. The brick building extended farther back to the west than did the frame building which was constructed afterward, and they were so joined as to leave a hallway or open space about four feet wide along the south side of the wooden building, which served also as a hallway along the north side of the brick building. From this hallway, doors opened into the wooden building on the north side, and extended the full length of that building to a porch in the rear end thereof, from which porch a doorway opened into the brick building, on the south side of the hallway. By this construction the hallway was used in connection with both the frame building and the brick building during the lifetime of the testator.

That the testator did not know, or at least was not particular about the exact measurement of the subdivisions of this lot, is shown by his designation of the several frontages on Main street.  He gives twenty feet to William, on which he had erected a brick building eighteen feet one inch wide, and gives to Henry the other part of the lot, from thirty-five to forty-five feet of frontage on said street.  Nor is he critical in the use of words.  He uses the words, " lot " and " lots," as if there were more than one property.  He gives William a "lot" of ground though it is only a part of a lot.  He mentions "lots hereinafter devised to my son Henry," although that devise is for but part of a single lot.  He uses the word " lot " and the word " house " as of equal descriptive character to designate the title of the adjoining property of Mrs. Hazlett.  In defining the southern boundary of William's share he calls for a lot, and not a wareroom as contended for by the appellant.  It is urged that this was merely a misdescription of the width of the lot, an error of measurement, an instrumental and not a monumental error.  And, as the courses and distances in a deed always give way to the boundaries found upon the ground, or supplied by proof of their former existence where the marks or monuments are gone, the lot of William is limited in width to the exact frontage of the warehouse: Lodge v. Barnett, 46 Pa. 477; Morse v. Rollins, 121 Pa. 537; Long v. Shields, 20 Pa. Superior Ct. 559.  The force of these authorities cannot be challenged, but we think they do not apply in this case.

Where a devise contains a plain and certain description of the thing devised, any other description referring to the devise which might indicate less than what is embraced in the plain description, must be regarded as defective and will be rejected.  The appellant's case depends upon the interpretation of the description of the William F. Miller lot, "The wareroom and lot of ground covered by the same."  To hold that only the land covered by the building was intended, would leave undisposed of that part of the land between the building and Jackson alley in the rear, which was surely not intended.  The word "covered" is not limited to a single and unmixed meaning, but is flexible in its application, and is applied in various ways.

When the decedent spoke of "the lot of ground covered by the same" he evidently meant the lot of ground on which the wareroom was erected, with a frontage of twenty feet on High street. The natural and reasonable division of the property was made by the testator when the buildings were erected by him, and that division existed at the time he made his will. The width of the wareroom building, with the undefined space between the wareroom building and the Jackson alley in the rear, does not raise a latent ambiguity under the generous use of words made by the testator, in describing his property. Manifestly he intended to give the brick building with its appurtenant lot twenty feet front, to William A; and the frame building with its appurtenant lot thirty-seven feet ten inches front to Henry F., and he intended that the common use of the four foot hallway between them should be continued as theretofore, but that the title to the twenty feet front should be in William, and the remainder of the frontage in Henry. This is the interpretation of the will that was put upon it by all parties interested, until the title to Henry's part passed out of the family, and even when the appellant purchased he so regarded it, and secured a reduction of the purchase price for the property. He now seeks by this action, to secure a strip of land which he never bought or paid for, and which was not intended to be conveyed to him by his grantors.

This disposes of the principal question involved, and the other assignments are not considered. The judgment is affirmed.